**CONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5538–ag.

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

418

Petitioner Cong Lin, a native and citizen of China, seeks review of the November 16, 2007 order of the BIA denying his motion to reopen. *In re Cong Lin,* No. A76 512 023 (B.I.A. Nov. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely. As the BIA noted, its final order was issued in January 2003, but Lin did not file his motion to reopen until May 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit, however, for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Lin's sole challenge to the BIA's finding that he failed to demonstrate changed country conditions excusing the untimeliness of his motion is that the BIA abused its discretion in discrediting his evidence of changed country conditions by relying on both the IJ's underlying adverse credibility finding and his failure to authenticate his supporting documents. We have held that the BIA does not abuse its discretion by rejecting the authenticity of an alien's documentary evidence submitted in support of a motion to reopen where the alien does not rebut the IJ's related underlying adverse credibility finding. *See Kaur,* 413 F.3d at 234 (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (concluding that the application of the doctrine *falsus in uno, falsus in omnibus* is appropriate where the agency rejects documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding). Moreover, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to agency regulations, it does not abuse its discretion when it relies, in part, on the fact that a document was not authenticated where its decision is based substantially on legitimate credibility concerns. *See id.* at 148–49 (citing *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005)). Accordingly, contrary

to Lin's argument, the BIA did not err in rejecting the family planning Notice and Decisions that he submitted based, in part, on the IJ's prior adverse credibility finding, and, in part, on the fact that the documents were not authenticated. *Id.* As the BIA did not err in discrediting Lin's evidence of changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.